UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACKHAWK PAVING, INC., *Plaintiff,* v. BLACK EAGLE PAVING, INC., and JOSE MARTINZEZ-BARAJAS, *Defendants.* | Case No.1:24-cv-03013 |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Blackhawk Paving, Inc. ("Plaintiff") files this Complaint against Defendant Black Eagle Paving, Inc. ("Defendant Black Eagle Paving") and Defendant Jose Martinzez-Barajas ("Defendant Barajas") (together, "Defendants"), and respectfully plead as follows:

**PRELIMINARY STATEMENT**

1. This action arises from Defendants' willful trademark infringement and deceptive trade practices resulting from their unauthorized use of Plaintiff's registered and common law trademark rights in and to the marks BLACK HAWK, BLACK HAWK PAVING, and BLACK HAWK PAVING & CONSTRUCTION & Design (together, "Plaintiff's Marks") for identical services provided in the same area. Although Plaintiff worked in good faith to resolve this trademark dispute without the intervention of the courts, Defendants have ignored Plaintiff's cease-and-desist letters and any attempt to resolve this matter.

2. This lawsuit, which Plaintiff worked to avoid but which has now become necessary, seeks to enjoin Defendants infringement of Plaintiff's trademarks, from confusing consumers seeking paving services services inside and outside of Illinois, and from unfairly profiting from

Plaintiff's hard-earned reputation and goodwill. Plaintiff seeks to restore the pre-infringement status quo of the parties and to be compensated for Defendants' willful violation of Plaintiff's trademarks.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1331 (federal question pursuant to 15 U.S.C. § 1125, *et. seq.*). Plaintiff's state law claims are properly before this Court pursuant to 28 U.S.C § 1367 (supplemental jurisdiction). Further, Defendants' unlawful conduct out of which Plaintiff's claims arise occurred primarily in Illinois, directly affected Illinois consumers (including and especially those within the Northern District of Illinois) and caused the brunt of Plaintiff's injury within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a corporation duly organized and existing pursuant to the laws of the State of Illinois with its principal place of business located at 19148 104th Ave, Mokena, Illinois 60448.

5. Defendant Black Eagle Paving is a corporation organized under the law of Illinois with its principal place of business located at 1813 Harvest Lane Plainfield, Illinois 60586.

6. Defendant Barajas is an individual residing in Plainfield, Illinois. Based on information and belief, Defendant Barajas either personally directed or actively participated in all of Defendant Black Eagle Paving's complained-of conduct.

## FACTS

7. Founded in 1975 by a military veteran, Plaintiff is a family-owned and operated asphalt and concrete contactor that values honesty and quality.

8. Since its founding, Plaintiff has served over 8,000 customers in the Chicagoland and Midwest and generates nine to ten million dollars a year in sales.

2

9.  Among other projects, Plaintiff has built and today maintains parking lots for large national clients such as Chase Bank, Pepsi Corporation, and Kraft Foods.

10. Over the last half a century, Plaintiff has built up substantial goodwill and consumer loyalty in Plaintiff's Marks by giving customers high quality workmanship in a timely manner at competitive prices.

11. Plaintiff promotes and advertises Plaintiff's Marks through online ads, its far-reaching social media pages, and through its website, known for its black and yellow-gold design, located at www.blackhawkpaving.com:



12. In addition to owning well-established common-law rights in the BLACK HAWK and BLACK HAWK PAVING marks, as well as the BLACK HAWK PAVING & CONSTRUCTION logo, Plaintiff also owns an Illinois trademark registration for BLACK HAWK (Reg. No. 118,456) for "construction services, namely, concrete paving, site clearing, excavation, pad preparation, grading and asphalt paving services" ("Plaintiff's Registered Mark"), and as well as a pending federal application for BLACK HAWK (Serial No. 98/341,927) for "[c]onstruction services, namely, concrete paving, site clearing, excavation, pad preparation, grading, and asphalt paving services." *See* Exhibits 1-2.

3

**Defendants' Unlawful and Infringing Conduct**

13.  Defendant Black Eagle Paving incorporated in March of 2021.

14.  For the first few years it existed, it was a small-time operation with little branding that operated under the radar and without Plaintiff's knowledge:



15.  However, at the end of 2023, Defendant Black Eagle Paving changed its website and branding to closely mimic Plaintiff's black and yellow-gold branding colors and website layout:



16.  Since at least 2022, Defendant Black Eagle Paving has also used a logo design that imitated many of the elements of Plaintiff's logo, including Plaintiff's black and yellow-gold color themes, a flashy bird illustration, and the phrase "BLACK EAGLE" in large lettering on one line coupled with the term "PAVING" in smaller lettering on the next line.

17. Directly copying from Plaintiff's website, Defendants' website emphasizes the "quality" of its services and value of "honesty."

18. Plaintiff did not authorize Defendants to use Plaintiff's Marks, Plaintiff's Registered Marks, or copy elements from Plaintiff's website.

19. And as a direct competitor of Plaintiff, Defendants were fully aware of Plaintiff's Marks, and Plaintiff's success before Defendants selected the infringing name of its business and created the imitation website design.

20. Notably, both Plaintiff and Defendants provide commercial asphalt paving services, particularly for commercial parking lots.

21. Both Plaintiff and Defendants also service the Chicagoland area.

22. Further, both Plaintiff and Defendants primarily advertise online, through social media, and through other similar channels of trade.

23. Finally, because Defendants do not own a physical storefront, Defendants' copying of Plaintiff's Marks and website design allows Defendants to freeride off Plaintiff's goodwill established over half a century and falsely leads consumers to believe Defendants are more established and legitimate than they actually are.

24. As a result of Defendants' recent imitation rebranding, consumers have been confused into believing, falsely, that Defendants are Plaintiff or that Defendants are otherwise affiliated with Plaintiff.

**Plaintiff's Cease and Desist Letter**

25. Plaintiff first sent Defendants a letter in July of 2022 notifying Defendants of Plaintiff's trademark rights and the infringing nature of Defendants' name and logo mark.

26. Defendants failed to respond to Plaintiff's 2022 letter.

27. After Defendants changed their website design to more closely imitate Plaintiff's website, Plaintiff hired the undersigned counsel who, on February 28, 2024, sent a cease-and-desist letter to Defendants. *See* Exhibit 3 (copy of cease-and-desist letter).

28. The cease-and-desist letter, among other things, demands that Defendants immediately stop using a confusingly similar name, logo, and website. *See* Exhibit 3.

29. Unfortunately, however, Defendants ignored this letter and continue to use their infringing name, infringing logo, and confusing website design.

**Consumer Confusion and Plaintiff's Injury**

30. Defendants' repeated unlawful conduct has caused, and will continue to cause, a likelihood of confusion among consumers.

31. Actual confusion is occurring in the marketplace with consumers wrongly believing Defendant Black Eagle Paving was Plaintiff or that Defendant Black Eagle Paving was affiliated with Plaintiff. Indeed, Plaintiff's own President believed an advertisement for Black Eagle Paving was an advertisement for Plaintiff's services.

33. Such known instances of confusion underscore the undoubtedly many more unknown instances of confusion that together have robbed Plaintiff of customers, profits, and the benefit of Plaintiff's hard-earned goodwill.

## COUNT I

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

34. The foregoing portions of this Complaint are repleaded and incorporated herein by reference.

35. Plaintiff owns valid and enforceable common-law rights in various trademarks, including BLACK HAWK, BLACK HAWK PAVING, and [BLACK HAWK PAVING & CONSTRUCTION logo] .

6

36. Plaintiff's common-law marks are inherently distinctive and are valid and subsisting.

37. Defendants' unauthorized use of Plaintiff's common-law marks in interstate commerce for Defendants' paving services has caused, is causing, and will continue to cause a false designation of origin and/or a false affiliation with Plaintiff in violation of Section 43 of the Trademark Act of 1946, 15 U.S.C. § 1125.

38. Accordingly, Defendants' acts, practices, and conduct complained of herein constitute unfair competition and false designations of origin, insofar as they are likely to cause confusion, mistake, or deception as the source, affiliation, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants, or Defendant Black Eagle Paving's, services or commercial activities, within the meaning of 15 U.S.C. § 1125(a).

39. Defendants' acts complained of herein were knowing, intentional, willful, and made with the intent to cause confusion, mistake, or deception, or otherwise to compete unfairly with the Plaintiff.

40. Defendants' acts jeopardize the goodwill symbolized by Plaintiff's common-law marks, causing serious and irreparable injury to Plaintiff and to the relevant consumers, as well as a likelihood of such future harm, for which Plaintiff have no adequate remedy at law.

## COUNT II

### INFRINGEMENT OF A REGISTERED TRADEMARK
### (765 ILCS § 1036/60)

41. The foregoing portions of this Complaint are repleaded and incorporated herein by reference.

42. Plaintiff owns a valid and enforceable Illinois trademark registration for BLACK HAWK (Reg. No. 118,456) for "construction services, namely, concrete paving, site clearing, excavation, pad preparation, grading and asphalt paving services."

43. Plaintiff's Registered Mark is inherently distinctive and is valid and subsisting, with Plaintiff first using the BLACK HAWK mark in Illinois commerce as early as 1975.

44. Defendants' unauthorized and willful use of Plaintiff's Registered Mark in commerce has caused, and will continue to cause, a likelihood of confusion amongst consumers, thereby causing Plaintiff damages, including loss revenue, loss of business, loss of goodwill, and the loss of control of its brand.

45. Unless legally enjoined, Defendants will continue using Plaintiff's Registered Mark without authorization in a manner likely to cause consumer confusion, and thus Plaintiff will continue to suffer irreparable harm, including the loss of goodwill and the loss of control of its brand, for which Plaintiff has no adequate remedy at law.

## COUNT III

### VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/2)

46. The foregoing portions of this Complaint are repleaded and incorporated herein by reference.

47. By reason of the acts set forth herein, Defendants have engaged in deceptive trade practices under applicable Illinois law by, among other things, (i) passing off its services as those of Plaintiff; (ii) causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of services; (iii) causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendants or Defendants' services with Plaintiff

or Plaintiff's services; and (iv) engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding. *See* 815 ILCS 510/2(1)-(3).

48. Defendants' deceptive trade practices are causing and are likely to cause substantial injury to the public and to Plaintiff.

49. Defendants' aforementioned unfair, abusive, and/or deceptive acts, omissions, and/or practices were made in the course of their business, vocation, or occupation within the meaning of 815 ILCS 510/2.

50. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' infringing conduct and a preliminary and permanent injunction is necessary to prevent confusion or misunderstanding as to source going forward.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Preliminarily and permanently enjoining Defendant Black Eagle Paving, its officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation with Defendant Black Eagle Paving from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

(1) Using and further infringing on the Plaintiff's registered and common-law trademarks or any mark or any designation, entity name, or trade that is confusingly similar to the Plaintiff's registered and/or common-law marks.

(2) Advertising, displaying, or promoting in any manner any product or service by using Plaintiff's registered or common-law trademarks, or any designation that is confusingly

similar thereto, including using the term "BLACK" in connection with a bird, an animal, or a word that begins with the letter "H" in connection with paving or construction services.

(3) Holding out or suggesting in any manner whatsoever, that Defendants, or their products or services, are in any way sponsored by, associated with, or affiliated with Plaintiff, or Plaintiff's services in any way; and

(4) Engaging in any other activity constituting unfair competition with Plaintiff or constituting infringement of or unfair competition with Plaintiff's registered or common-law marks;

B. Ordering Defendant to promptly file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with any injunction issue by the Court, pursuant to 15 U.S.C. § 1116(a);

C. Ordering Defendants to deliver to the Clerk of this Court proof of destruction of any and all materials in Defendants' possession, custody, or control that depict or relate to the development, marketing, or sale of their services, or any other related materials bearing marks confusingly similar to the Plaintiff's Marks in accordance with 15 U.S.C. § 1118;

D. Ordering Defendant to pay over to Plaintiff all gains, profits, and advantages realized by Defendant from its unlawful acts and omissions complained of herein, pursuant to 15 U.S.C. § 1117;

E. Ordering Defendant to pay to Plaintiff the costs of this action, reasonable attorneys' fees, and all damages suffered by Plaintiff in an amount to be determined at trial, plus interest as allowed by law, pursuant to 815 ILCS 510/3.

F. Ordering such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

10

Plaintiff, by counsel, hereby requests a jury trial as to all matters so triable.

Respectfully submitted,

        ICE MILLER LLP

By:   /s/ Alice A. Kelly
       Alice A. Kelly (Att. No. 6281897)
       ICE MILLER LLP
       200 West Madison Street, Suite 3500
       Chicago, IL 60606
       (312) 726-1567
       alice.kelly@icemiller.com

       Matthew R. Grothouse (Illinois #6304834)
       Ice Miller LLP
       200 West Madison, Suite 3500
       Chicago, IL 60606
       312-527-2528
       Email: matt.grothouse@icemiller.com

       *Attorneys for Plaintiff*